# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Allen*, 2012 IL App (4th) 110297

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LOYD DALE ALLEN, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket Nos. 4-11-0297, 4-11-0298 cons. |
| Filed | October 22, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An order requiring defendant to pay emergency response restitution pursuant to section 11-501.01(c) of the Illinois Vehicle Code as part of his conviction for DUI was vacated, since there was only a traffic stop to enforce the violation, and no distinct injurious incident occurred that would warrant restitution. |
| Decision Under Review | Appeal from the Circuit Court of Schuyler County, Nos. 10-DT-10, 10-TR-558, 10-TR-559, 10-TR-560, 10-CM-25; the Hon. Scott J. Butler, Judge, presiding. |
| Judgment | Affirmed as modified; cause remanded with directions. |

| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Michael H. Vonnahmen, all of State Appellate Defender's Office, of Springfield, for appellant. |
|---|---|
| | Teena M. Griffin, State's Attorney, of Rushville (Patrick Delfino, Robert J. Biderman, and Aimee Sipes Johnson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE COOK delivered the judgment of the court, with opinion. |
|---|---|
| | Presiding Justice Turner and Justice Steigmann concurred in the judgment and opinion. |

## OPINION

¶ 1    In January 2011, after a bench trial, defendant, Loyd Dale Allen, was found guilty *in absentia* of driving under the influence (DUI) (625 ILCS 5/11-501(a)(2) (West 2010)), disobeying a stop sign (625 ILCS 5/11-1204(b) (West 2010)), improper lane usage (625 ILCS 5/11-709 (West 2010)), improper use of registration (625 ILCS 5/3-703 (West 2010)), and two counts of unlawful use of a weapon (720 ILCS ILCS 5/24-1(a)(1), (a)(4) (West 2010)). In March 2011, the trial court sentenced defendant *in absentia* to concurrent sentences of 30 days in jail and ordered him to pay various sums, including $172.60 for emergency response restitution pursuant to section 11-501.01(c) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501.01(c) (West 2010)).

¶ 2    Defendant appeals, arguing the trial court erred when it ordered $172.60 for emergency response restitution pursuant to section 11-501.01 of the Code. We agree, vacate the emergency response restitution, affirm as modified, and remand with directions.

¶ 3                    I. BACKGROUND

¶ 4    In April 2010, the State charged defendant with DUI (625 ILCS 5/11-501(a)(2) (West 2010)), disobeying a stop sign (625 ILCS 5/11-1204(b) (West 2010)), improper lane usage (625 ILCS 5/11-709 (West 2010)), improper use of registration (625 ILCS 5/3-703 (West 2010)), and two counts of unlawful use of a weapon (720 ILCS ILCS 5/24-1(a)(1), (a)(4) (West 2010)).

¶ 5    The trial court in May, October, and November 2010 admonished defendant, in open court, he could be tried and sentenced *in absentia* if he failed to appear.

¶ 6    In January 2011, defendant failed to appear personally for trial. Defendant's counsel appeared and a bench trial was held *in absentia*.

¶ 7    Trooper Todd Stinson of the Illinois State Police testified he observed a brown Cadillac

fail to stop at a stop sign at 5:42 a.m. on April 10, 2010. Stinson turned his patrol car around and followed the Cadillac. After observing other Vehicle Code violations, Stinson performed a traffic stop.

¶ 8        Stinson approached the Cadillac and observed defendant's eyes to be glassy and bloodshot. Stinson saw nine open beer cans in the backseat and smelled a strong odor of an alcoholic beverage on defendant's breath. When asked how much he had had to drink, defendant replied that he did not know. Stinson administered field sobriety tests, and, according to him, defendant failed the horizontal gaze nystagmus, walk-and-turn, and one-legged-stand tests.

¶ 9        Stinson arrested defendant for DUI. A search of defendant's person revealed a spring-loaded knife with a three- to four-inch blade in his right front pocket. At the sheriff's department, defendant, after being read the statutory "Warnings to Motorist," refused to submit to a breath alcohol test. A booking search revealed a Cheetah stun gun in a belt case on defendant's right side.

¶ 10       Master Sergeant Daniel Adams of the Illinois State Police testified he arrived while Trooper Stinson was administering the field sobriety tests. Based on his observations, he believed defendant to be under the influence.

¶ 11       Defendant's counsel presented evidence from Trooper Stinson that the video recording from the incident was not operable. The trial court convicted defendant on all counts.

¶ 12       In March 2011, defendant failed to appear personally, and a sentencing hearing was held *in absentia*. Defendant's counsel appeared. The State's Attorney requested $172.60 for emergency response restitution for the Illinois State Police. The trial court considered the presentencing investigation report (PSI) and the evidence in aggravation and mitigation. The PSI showed a 2005 conviction for DUI. The court sentenced defendant to 30 days in the Schuyler County jail and all mandatory fines, fees, and court costs. The written sentencing judgment imposed $172.60 for emergency response restitution pursuant to section 11-501.01 of the Code.

¶ 13       This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15       Defendant appeals, arguing the trial court erred when it ordered $172.60 for emergency response restitution pursuant to section 11-501.01 of the Code. Specifically, defendant asserts no emergency response was involved in this case. The State responds that because Stinson, a police officer, responded to "an incident, *i.e.* defendant running a stop sign, failing to drive between the lines on the road, and driving a vehicle with a license plate registered to a different vehicle," the court properly imposed the emergency response restitution. We agree with defendant.

¶ 16       Initially, we note the box preceding the line for emergency response restitution on the standardized written judgment was not checked. This is an obvious scrivener's error as the amount and agency name were completed. Neither party argued this point and it does not affect our review.

¶ 17     As it is undisputed only Illinois State Police officers Stinson and Adams responded to the traffic stop, defendant's appeal requires the application of undisputed facts to law, namely, section 11-501.01 of the Code. Issues of statutory interpretation are questions of law and are reviewed *de novo*. *People v. Martin*, 2011 IL 109102, ¶ 20, 955 N.E.2d 1058.

¶ 18     "The cardinal rule of statutory construction is to ascertain and give effect to the legislature's intent, and the plain language of the statute is the best indication of that intent." *Martin*, 2011 IL 109102, ¶ 21, 955 N.E.2d 1058. "We view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation. Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *People v. Gutman*, 2011 IL 110338, ¶ 12, 959 N.E.2d 621. Our reading of the statute presumes that the legislature did not create absurd, inconvenient, or unjust results. *Gutman*, 2011 IL 110338, ¶ 12, 959 N.E.2d 621. We will not depart from the plain meaning of a statute by reading into it provisions or conditions that conflict with the language of the statute. *People v. Baskerville*, 2012 IL 111056, ¶ 18, 963 N.E.2d 898.

¶ 19     Section 11-501.01 of the Code, titled "Additional administrative sanctions," provides, in pertinent part:

> "(c) Every person found guilty of violating Section 11-501 [driving under the influence], *whose operation of a motor vehicle* while in violation of that Section *proximately caused any incident* resulting in an appropriate emergency response, shall be liable for the expense of an emergency response as provided in subsection (i) of this Section.

> * * *

> (i) *** As used in this subsection (i), 'emergency response' means *any incident requiring a response by a police officer*, a firefighter carried on the rolls of a regularly constituted fire department, or an ambulance." (Emphases added.) 625 ILCS 5/11-501.01(c), (i) (West 2010).

¶ 20     Defendant asserts the circumstances did not involve an "emergency response" because "an unforseen circumstance involving imminent danger to a person or property" resulting in an accident or injury requiring a response by a police officer, a firefighter, or an ambulance did not occur. For his definition of emergency response, defendant cites the recent supreme court opinion in *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 64, 969 N.E.2d 359. We note the term "emergency response" is defined in the statute itself as "any incident requiring a response by a police officer, a firefighter carried on the rolls of a regularly constituted fire department, or an ambulance." 625 ILCS 5/11-501.01(i) (West 2010). The State argues emergency response restitution is permitted because defendant's DUI violation caused an "incident," namely, other Code violations, requiring an emergency response, Trooper Stinson's traffic stop.

¶ 21     Defendant's argument focuses on the term "emergency response" without addressing the preceding language, "whose operation of a motor vehicle while in violation of [section 11-501] proximately caused any incident resulting in an appropriate emergency response." This statutory language expressly limits the scope of permitted emergency response restitution.

-4-

The State acknowledges this language by arguing defendant's DUI violation caused an "incident," his impaired driving, necessitating a police officer to facilitate a traffic stop. Before addressing defendant's "emergency response" argument, it is necessary to consider the statute in its entirety. Our reading rejects the State's argument that emergency response restitution is permitted for the DUI traffic stop itself.

¶ 22 Section 11-501.01(c)'s middle clause–particularly the phrase whose operation of a motor vehicle while under the influence "proximately caused any incident"–limits imposition of emergency response restitution to situations where the incident is separate from the underlying DUI violation. See *People v. Cook*, 2011 IL App (4th) 090875, ¶ 17, 957 N.E.2d 563 (" '[P]roximate cause' is '[a] cause that directly produces an event and without which the event would not have occurred.' " (quoting Black's Law Dictionary 234 (8th ed. 2004))); Illinois Pattern Jury Instructions, Civil, No. 15.01 (Supp. 2009) (defining proximate cause as "a cause that, in the natural or ordinary course of events, produced the plaintiff's injury"). As causation requires two distinct events–the conduct and the injury–the statute requires the DUI violation conduct to be distinct from the "incident." In *People v. Martin*, 2011 IL 109102, ¶ 25, 955 N.E.2d 1058, the supreme court addressed the aggravated DUI enhancement statute requirement that a DUI violation be the proximate cause of another person's death. The supreme court illustrated proximate cause as being the "causal link" between the conduct and the injury. *Martin*, 2011 IL 109102, ¶ 26, 955 N.E.2d 1058 (*Martin* also held proximate cause between the underlying impairment and the death is only required where impairment is an element of the underlying misdemeanor DUI.). It is this "causal link" concept of proximate cause that requires section 11-501.01(c) to have two distinct events–the DUI violation and the "incident." If the legislature intended for every person found guilty of violating section 11-501 to be liable for the cost of a routine police stop, then why did it add a proximate causation requirement? A reading permitting restitution for responding to the DUI violation itself would make the section 11-501.01(c) causation requirement surplusage.

¶ 23 Section 11-501.01(c) does not require a showing the DUI violation was a proximate cause of an injury, but only that defendant's motor vehicle operation while in violation of section 11-501(a) was a proximate cause of an "incident." 625 ILCS 5/11-501.01(c) (West 2010). Therefore, consistent with *Martin*, we conclude section 11-501.01(c) only requires a showing defendant's section 11-501 violation–not his underlying impairment–proximately caused an "incident."

¶ 24 The State's argument that restitution is proper because Trooper Stinson observed an "incident"–defendant running a stop sign, failing to drive between the lines on the road, and driving a vehicle with improper registration–and responded is unpersuasive. The statute does not explicitly define "incident" and we need not do so here. Recently, in *People v. Korzenewski*, 2012 IL App (4th) 101026, 970 N.E.2d 90, we addressed the State's argument emergency response restitution was permitted because the defendant was speeding prior to the DUI arrest. There we stated, "To interpret the emergency response statute as the State wants us to would result in a finding that any person who is pulled over by a police officer for the violation of any traffic law and is ultimately charged with driving under the influence could be required to make restitution to the police department that initiated the traffic stop.

-5-

This result was clearly not intended by the legislature." *Id.* ¶ 31, 970 N.E.2d 90. The State's broad reading of an "incident" to include any type of Code violation would allow restitution in any routine traffic stop resulting in a DUI arrest, a consequence the legislature did not intend. In *Korzenewski*, we concluded a traffic stop for speeding was not within the scope of section 11-501.01 as it was not " 'an unforseen circumstance involving imminent danger.' " *Id.* Consistent with *Korzenewski*, we conclude the basis for the traffic stop here was also not within the scope of section 11-501.01(c) to permit emergency response restitution.

¶ 25    In this case, the issue is whether defendant's DUI violation was a proximate cause of an "incident" requiring an appropriate emergency response. As there was no distinct injurious incident, the restitution was improperly imposed.

¶ 26    In sum, the scope of the statute does not permit restitution merely for the traffic stop enforcing the section 11-501 violation. The costs of enforcing the DUI violation are internalized through other imposed fines, fees, and costs resulting from a conviction. However, the external costs of an emergency response, otherwise borne by the public, would not be internalized but for section 11-501.01 of the Code.

¶ 27                                    III. CONCLUSION

¶ 28    For the foregoing reasons, we vacate the emergency response restitution, affirm the conviction as modified, and remand for issuance of an amended sentencing judgment so reflecting.

¶ 29    Affirmed as modified; cause remanded with directions.